UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: AMAZON.COM, INC.,
FULFILLMENT CENTER FAIR LABOR  Master File No. 3:14-md-2504
STANDARDS ACT (FLSA) AND  MDL Docket No. 2504
WAGE AND HOUR LITIGATION

THIS DOCUMENT RELATES TO:
*Heimbach et al. v. Amazon.com, Inc. et al.,*  Case No. 3:14-cv-204-DJH
*Pavuk v. Amazon.com, Inc. et al.,*  Case No. 3:14-cv-201-DJH
*Johnson et al. v. Amazon.com, Inc. et al.,*  Case No. 1:13-cv-153-DJH
*Vance et al. v. Amazon.com, Inc. et al.,*  Case No. 3:13-cv-765-DJH

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Four sets of Plaintiffs in this multidistrict litigation have moved for a suggestion of remand to their respective transferor courts pursuant to JPML Rule 10.1(b).[1] (MDL Docket Nos. 98 & 103) All Defendants object.[2] (MDL D.N. 113) Because Plaintiffs have failed to demonstrate that the litigation would no longer benefit from coordinated proceedings, the motions will be denied.

### I. Procedural History

In this MDL, workers at various Amazon and Zappos warehouse fulfillment centers allege that Amazon.com, Zappos.com, and several staffing agencies violated state and federal

---

[1] The movants are Plaintiffs in *Heimbach et al. v. Amazon.com, Inc. et al.*, 3:14-cv-204-DJH; *Pavuk v. Amazon.com, Inc. et al.*, 3:14-cv-201-DJH; *Johnson et al. v. Amazon.com, Inc. et al.*, 1:13-cv-153-DJH; and *Vance et al. v. Amazon.com, Inc. et al.*, 3:13-cv-765-DJH. The *Heimbach* Plaintiffs request that this Court suggest that the Judicial Panel on Multidistrict Litigation (JPML) remand their case to the Eastern District of Pennsylvania (MDL D.N. 98); the *Pavuk* Plaintiffs request a suggestion of remand to the Middle District of Pennsylvania (*id.*); the *Johnson* Plaintiffs want a suggestion of remand to the Western District of Kentucky (Bowling Green Division) (MDL D.N. 103); the *Vance* Plaintiffs seek a suggestion of remand to this Court (*id.*).

[2] Defendants are Amazon.com, Inc.; Amazon.com.KYDC, Inc.; Amazon.com.KYDC, LLC; Zappos.com, Inc.; Zappos Fulfillment Centers, Inc.; Kelly Services, Inc.; Integrity Staffing Solutions, Inc.; Amazon.com.DEDC, LLC; SMX, LLC; AF Operations; Amazon.com.AZDC LLC; Amazon.com LLC; Staff Management, LLC; Golden State FC, LLC; Amazon Corporate, LLC; and Amazon Fulfillment Services, Inc.

wage and hour laws by requiring them to pass through anti-theft security screening after clocking

out at the end of their shifts, without compensation for that time.  (*See* MDL D.N. 1)

Plaintiffs in *Vance* and *Johnson* initially filed in this District.  They asserted state-law

claims under the Kentucky Wage and Hour Act and federal-law claims under the Fair Labor

Standards Act (FLSA).  (*See Johnson*, D.N. 1, PageID # 114-16; *Vance*, DN 88, PageID # 678-

81)  Plaintiffs in *Pavuk* and *Heimbach* initially filed in Pennsylvania state court, but Defendants

removed *Pavuk* to the Middle District of Pennsylvania and *Heimbach* to the Eastern District of

Pennsylvania.  (*See Pavuk*, DN 1, PageID # 1; *Heimbach*, DN 1, PageID # 1)  Both of those

cases asserted only claims under Pennsylvania state law.  (*See Heimbach*, D.N. 1-1, PageID #

46-47; *Pavuk*, D.N. 2, PageID # 27-28)

As several similar lawsuits were filed across the country, the *Busk* Plaintiffs (in the

District of Nevada) moved for centralization pursuant to 28 U.S.C. § 1407.  Both the *Johnson*

and *Vance* Plaintiffs supported centralization; all Defendants opposed it.  *Id.*  The United States

Judicial Panel on Multidistrict Litigation (JPML) ultimately sided with Plaintiffs and concluded

that the litigation would benefit from management in a single venue partially because of "the

overlap in the FLSA collective action certification issues and the Rule 23 proposed classes."

(MDL D.N. 1, PageID # 2)  The panel also noted that there "may be some site-specific facts in

any given action, but transfer under [28 U.S.C. § 1407] does not require a complete identity or

even a majority of common factual or legal issues as a prerequisite to transfer."  (*Id.*)  And it said

that "[a]ll actions share factual questions arising out of allegations that hourly-paid employees at

Amazon.com warehouse 'fulfillment centers' are entitled to compensation for time spent in anti-

theft security screening at the end of their shifts under federal or state wage and hour laws."  (*Id.*)

Therefore, the JPML concluded: "Centralization will eliminate duplicative discovery; prevent

inconsistent pretrial rulings (on FLSA certification and other matters); and conserve the resources of the parties, their counsel, and the judiciary." (*Id.*) In February 2014, the JPML transferred five cases—including *Vance* and *Johnson*—to the Western District of Kentucky.

Two weeks later, the panel conditionally transferred five additional cases—including *Pavuk* and *Heimbach*—because they "involve[d] questions of fact that are common to the actions previously transferred to the Western District of Kentucky." (MDL D.N. 3, PageID # 6)

Meanwhile, the *Busk* case that initiated this MDL progressed from the District of Nevada to the Ninth Circuit. And within a month of the JPML's decision to centralize these cases, the Supreme Court granted Defendants' petition for a writ of certiorari in *Integrity Staffing Solutions v. Busk*, 134 S. Ct. 1490 (2014). The parties agreed that the outcome of *Busk* would likely decide whether Plaintiffs' FLSA claims could proceed. Thus, on March 13, the Court stayed all proceedings in this MDL pending the Supreme Court's ruling. (*See* MDL D.N. 16, PageID # 79)

The next month, the *Heimbach* and *Pavuk* Plaintiffs moved to lift the stay in their cases. (*See* MDL D.N. 41-1, PageID # 1126) They argued that *Busk* would have little impact on them because they only asserted claims under Pennsylvania state law. (*Id.*) In June, the Court agreed and lifted the stay "for the limited purpose of pursuing facility specific discovery in those [two] cases." (MDL D.N. 64, PageID # 1795) Discovery in *Heimbach* and *Pavuk* proceeded; Defendants provided Plaintiffs with timekeeping and payroll data, and Plaintiffs hired an expert who apparently quantified the amount of uncompensated post-shift time for one of the two facilities at issue in those cases. (MDL D.N. 98, PageID # 2121-22)

In December 2014, the Supreme Court issued its ruling in *Busk*. *See Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). It held that the time the workers spent waiting to undergo security screenings after their shifts was not compensable under the FLSA. *Id.* at 519.

3

Recognizing that only their state-law claims could proceed in light of this decision, several groups of Plaintiffs in this MDL (who initially supported centralization) moved for a suggestion of remand. (*See Heimbach* and *Pavuk*, MDL D.N. 98; *Johnson* and *Vance*, MDL D.N. 103; *Saldana*, MDL D.N. 104; *Busk*, MDL D.N. 106) All Defendants (who initially opposed centralization) objected. (MDL D.N. 113) While the *Saldana* and *Busk* Plaintiffs later withdrew their motions (MDL D.N. 129 & 130), the *Heimbach*, *Pavuk*, *Johnson*, and *Vance* motions are ripe for review.

## II.    Discussion

The JPML has the exclusive authority to remand a transferred case back to a transferor court. 28 U.S.C. § 1407(a). However, the JPML has "consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate." *In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006). The JPML has noted that "[a] transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game is no longer worth the candle (and, therefore, that he perceives his role under Section 1407 to have ended)." *In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 76 (D. Me. 2011) (quoting *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001)).

In determining whether to issue a suggestion of remand, "the transferee court should consider at what point remand will best serve the expeditious disposition of the litigation." *In re Light Cigarettes*, 832 F. Supp. 2d at 76 (quotation omitted). A transferee court may suggest remand "when the judge perceives his or her role in the case has ended," when a case "will not benefit from further coordinated proceedings as part of the MDL," and "when everything that remains to be done is case-specific." *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, No.

4

1:02-cv-16000, 2008 WL 3200279, at *2 (N.D. Ohio Aug. 5, 2008) (citations omitted).  On the other hand, "[r]emand is inappropriate when continued consolidation will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judiciary."  *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, MDL No. 1715, 2010 WL 1418399, at *1 (N.D. Ill. Apr. 6, 2010) (internal quotation marks omitted).  "[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted."  *Hildes v. Arthur Anderson LLP*, No. 08-cv-0008, 2014 WL 1571330, at *2 (S.D. Cal. Apr. 16, 2014) (quoting *In re Integrated Res., Inc. Real Estate Ltd. P'Ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)).

### A.     The *Vance* and *Johnson* cases should not be remanded.

The Court declines to suggest remand in *Vance* and *Johnson*.  First, remand would create a risk of inconsistent rulings on a novel state-law issue:  Is a worker's time spent passing through a post-shift security clearance compensable under the Kentucky Wage and Hour Act?  A motion for judgment on the pleadings that could potentially resolve this issue is ripe for review.  (*See* MDL Docket Nos. 117 (Defendant Kelly Services, Inc.'s motion in *Vance*), 119 (Plaintiffs' response), 121 (Kelly Services, Inc.'s reply), 126 (Zappos' motion in *Vance*), 127 (Plaintiffs' response), 132 (Zappos' reply))  If the JPML remanded these cases, the two transferor judges could decide this issue in two different ways.

Second, these cases can still benefit from coordinated discovery.  Even without the FLSA claims, *Vance* and *Johnson* present the same basic facts—workers walking through security clearances after clocking out—as many others across the country.  As Plaintiffs have pointed out, Defendants' policies are largely uniform nationwide.  So while each case will require some degree of facility-specific information—such as particular payroll data or time spent going

5

through security at a particular location—there will also be overlap, such as the form and parameters of data Defendants must produce for each location. And finally, remand could also hinder the parties' efforts to obtain a global settlement. For these three reasons, the Court will not suggest remand in *Vance* and *Johnson*.

### B. The *Heimbach* and *Pavuk* cases should not be remanded.

Nor will the Court suggest remand in *Heimbach* and *Pavuk*. From the time of filing, each of these two cases involved only state-law claims—neither set of Plaintiffs ever asserted an FLSA claim. Thus, it is unclear how—if at all—the Supreme Court's decision in *Busk* will affect these cases. In fact, since the *Busk* decision, *Heimbach* and *Pavuk* seem to have more in common with the other cases in this MDL than they did at the time of transfer.

So what has changed to motivate these Plaintiffs to request a remand? Plaintiffs point to the Court's June 2014 Order that lifted the stay in their cases "for the limited purpose of pursuing facility specific discovery." (MDL D.N. 64, PageID # 1795) Since then, Plaintiffs say, they have obtained substantial written discovery (in the form of timekeeping and payroll data at one of the facilities) and hired an expert. But no one claims that discovery in these cases is complete—or even close to complete.

In fact, the same reasons that compelled the JPML to centralize these cases remain applicable today. First, discovery is incomplete, and much of the discovery that remains (depositions, document requests from the national organizations, etc.) will overlap with the state-law claims in other cases. Second, remanding these cases would present the same risk of inconsistent pretrial rulings as in *Vance* and *Johnson*—if remanded, *Heimbach* and *Pavuk* would be transferred to two different judges. Finally, as with the other cases, *Heimbach* and *Pavuk* should remain in this MDL because the potential still exists for a global settlement.

### III.     Conclusion

In sum, Plaintiffs have not shown that remand would serve the expeditious disposition of the litigation at this time.  Because the cases would benefit from coordinated discovery and global settlement discussions, and because remand would create a risk of inconsistent pretrial rulings, the Court declines to issue a suggestion of remand.  Accordingly, it is hereby

**ORDERED** that the following Plaintiffs' motions for a suggestion of remand are **DENIED**:

- *Heimbach et al. v. Amazon.com, Inc. et al.*, 3:14-cv-204-DJH (D.N. 49);

- *Pavuk v. Amazon.com, Inc. et al.*, 3:14-cv-201-DJH (D.N. 42);

- *Johnson et al. v. Amazon.com, Inc. et al.*, 1:13-cv-153-DJH (D.N. 81); and

- *Vance et al. v. Amazon.com, Inc. et al.*, 3:13-cv-765-DJH (D.N. 110).

This resolves the following motions in Master File No. 14-md-2504: D.N. 98 (*Heimbach* and *Pavuk*) and D.N. 103 (*Johnson* and *Vance*).

August 3, 2015

**David J. Hale, Judge**
**United States District Court**

7